THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* URBAN COLONNA, Appellant.

Court of Special Sessions of the City of New York, Appellate Part, First Department, December 22, 1947.

*William McKelvey* for appellant.

*Charles E. Murphy, Corporation Counsel (Seymour B. Quel* and *Samuel D. Johnson* of counsel), for respondent.

*Per Curiam:* The appellant herein has been convicted of soliciting and carrying baggage as a public porter, not being licensed as such, in violation of section B32–106.0 of the Administrative Code of the City of New York. Appellant is a licensed steamship, railroad and hotel runner pursuant to section 436–3.0 of the Administrative Code, but is not a licensed public porter. On the date in question he solicited a prospective passenger of the Pennsylvania Railroad and carried her baggage from the sidewalk into the station, receiving twenty-five cents for the service. Appellant claims the right to perform these services as an incident to his duties as a licensed runner.

Section B32–106.0 of the Administrative Code provides that: " a. * * * It shall be unlawful for any person * * * *to carry, transport or convey baggage,* goods, or other things from place to place for hire, wages or pay without a license therefor." (Italics supplied.)

Exceptions are made in subdivision b of said section in favor of *employees* of a hotel or railroad. It may be assumed, although it is not entirely clear from the statute, that a hotel runner is to be considered as a hotel employee in view of the caption to section B32–106.0 reading "hotel runners and railroad employees excepted." However, these exceptions contemplate a conveying or carrying by one employed by a hotel or railroad who at the moment is performing such service in behalf of a particular hotel or railroad.

The services performed by appellant were those of a public porter. The person for whom they were performed was solicited by appellant as she alighted from a taxicab in front of a railroad station. It is not claimed that she had been a guest at any hotel or specifically at a hotel to which appellant directed customers or of which he was an employee. Neither was it claimed or proved that the services performed were those of an employee of the railroad or railroad runner. It is abundantly clear that appellant's acts do not fall within the exceptions above noted.

The exception in section B32–109.0 is likewise of no avail to appellant. The section is loosely drawn but the intent of that section, read in the light of all the sections on the subject, is to relieve from a charge of impersonation of a public porter or licensed runner, a licensed runner actually employed or authorized by a railroad or hotel to solicit the carrying or conveying of baggage to or from a railroad or hotel.

The services of appellant were undoubtedly performed in anticipation of payment therefor and by whatever name it is called, the amount received by him constituted "pay" within the meaning of the statute.

Accordingly, the judgment is affirmed.

DE LUCA, P. J., FLOOD and OLIVER, JJ.

Judgment affirmed.